# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE FLIGHT SAFETY TECHNOLOGIES, | ) | Master File No. 3:04-CV-1175 (CFD) |
| INC. SECURITIES LITIGATION | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| This Document Relates To: | ) | |
|   ALL ACTIONS | ) | |
| | ) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") dated December 20, 2007 is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into between Plaintiffs Sudi Ozkan, Pathway Investments LLC, Mark Rogers, Eric Kuba, and William Hall ("the Named Plaintiffs"), on behalf of themselves and the Class, and Defendants Flight Safety Technologies, Inc. ("Flight Safety"), Samuel A. Kovnat ("Kovnat"), William B. Cotton ("Cotton"), Pali Capital Group, Inc. ("Pali"), and The Shemano Group, Inc. ("Shemano") (collectively, "Defendants"), all parties to this litigation (the "Parties"), by and through their respective counsel.

WHEREAS, beginning on July 18, 2004, a Class Action Complaint alleging violations of federal securities laws, *Felix Farrar v. Flight Safety Technologies, Inc., et al.*, No. 3:04-CV-01175-AB (D. Conn.) (the "Action"), was filed in this Court.

WHEREAS, by order dated January 28, 2005, the Court consolidated the following related class action complaints with the Action: (i) *Kavanaugh v. Flight Safety*

*Technologies, et al.,* 3:04-cv-01368; and (ii) *Henzel v. Flight Safety Technologies, Inc., et al.*, 3:04-cv-01378 (hereinafter, the "Consolidated Action").

WHEREAS, on February 5, 2005, Pathway Investments filed the following putative class action: *Pathway Investments, LLC v. Flight Safety Technologies, Inc., et. al.,* 3:05cv180(RNC) (the "Pathway Action");

WHEREAS, on February 18, 2005, the Pathway Action was transferred by order to the docket of The Honorable Christopher F. Droney, who was presiding over the Consolidated Action, and the Pathway Action was assigned the following docket number: 3:05cv180(CFD);

WHEREAS, on August 17, 2005, the Pathway Action was consolidated by order with the Consolidated Action for pretrial and discovery purposes only.  The Pathway Action and the Consolidated Action are together the "Fully Consolidated Action".

WHEREAS, on October 19, 2005 the Court appointed Sudi Ozkan and Pathway Investments LLC as lead plaintiffs, and approved the selection of the Rosen Law Firm, PA as lead counsel and Stratton Faxon LLC as liaison counsel, in the Fully Consolidated Action.

WHEREAS, Plaintiffs Sudi Ozkan, Pathway Investments LLC, Mark Rogers, Eric Kuba, and William Hall filed, in the Fully Consolidated Action, the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws dated December 23, 2005 (the "Complaint") alleging: (COUNT I) violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants Flight Safety, Kovnat and Cotton; (COUNT II) violations of Section 20(a) of the Exchange Act against Defendants Kovnat and Cotton; (COUNT III) violations of Section 11 of the Securities Act of 1933 ("Securities Act") against all Defendants; (COUNT IV) violations of Section 12 of the

Securities Act against all Defendants; and (COUNT V) violations of Section 15 of the Securities Act against Defendants Kovnat and Cotton.

WHEREAS, Defendants deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. The Parties to this Stipulation recognize, however, that the Complaint has been filed, and the Fully Consolidated Action has been commenced, by the Named Plaintiffs and defended by the Defendants in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the Fully Consolidated Action is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable. This Stipulation shall not be construed or deemed to be a concession by any Named Plaintiff of any infirmity in the claims asserted in the Fully Consolidated Action.

WHEREAS, Lead Plaintiffs' Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Lead Plaintiffs' Counsel have analyzed the facts and the applicable law with respect to the claims of the Named Plaintiffs and the Class against Defendants and the potential defenses thereto, which in the Named Plaintiffs' judgment has provided an adequate and satisfactory basis for the evaluation of an agreement to settle, as described herein.

WHEREAS, the Named Plaintiffs, by their counsel, have engaged in an extensive arm's length mediation process using a nationally-recognized mediator and have conducted discussions and arm's length negotiations with counsel for Defendants with respect to a

compromise and settlement of the Fully Consolidated Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.

WHEREAS, based upon their investigation, Lead Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Named Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Fully Consolidated Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that the Named Plaintiffs and the members of the Class will receive from settlement of the Fully Consolidated Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

AND WHEREAS, the Parties conditionally stipulate, for the limited purposes of this Stipulation and settlement, and for the sole purpose of creating a settlement class, that the Fully Consolidated Action shall be certified for class treatment under Rule 23 of the Federal Rules of Civil Procedure and that the stipulated settlement class consists of Class Members, as defined below.  The Defendants conditional stipulation as to the creation of a settlement class is contingent upon the execution by the parties of this Stipulation and that this Stipulation and Settlement Agreement is finally approved by the Court and is not terminated.  If this Stipulation is for any reason not finally approved, or is otherwise terminated, the Defendants reserve the right to reassert all of their objections and defenses to certification of any class, and Plaintiffs will not offer the Defendants' conditional stipulation to certification of a class as any evidence in support of a motion to certify any class for trial purposes.

NOW THEREFORE, without any admission or concession on the part of the Named Plaintiffs of any lack of merit of the Fully Consolidated Action whatsoever, and without

any admission or concession on the part of Defendants of any liability or wrongdoing or lack of

merit in the defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among the

Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule

23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the

Parties hereto from the Settlement, that any and all claims made, or that could have been made,

against the Defendants in the Fully Consolidated Action shall be compromised, settled, released

and dismissed with prejudice and except as hereafter provided, without costs as to Plaintiffs or

Defendants, subject to the approval of this Court, upon and subject to the following terms and

conditions:

  A. <u>CERTAIN DEFINITIONS</u>

   As used in this Stipulation, the following terms have the meanings specified

below:

   1. "Attorneys' Fees and Expenses" means the portion of the Gross

Settlement Fund approved by the Court for payment to Lead Plaintiffs' Counsel, including

attorneys' fees, costs, litigation expenses, fees and expenses of experts (excluding Notice and

Administration Expenses).

   2. "Authorized Claimant" means any Claimant (as defined below) whose

claim for recovery has been allowed pursuant to the terms of the Stipulation or by order of the

Court.

   3. "Awards to Lead Plaintiffs" means any award by the Court to Lead

Plaintiffs of reasonable costs and expenses (including lost wages) directly relating to the

representation of the Class pursuant to 15 U.S.C. § 78u-4(a)(4).

4.      "Claimant" means any Class member who files a Proof of Claim and Release (as defined below) in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

5.      "Claims Administrator" means the accounting and claims administration firm of Strategic Claims Services located in Media, Pennsylvania.

6.      "Class" and "Class Members" mean, for purposes of this Settlement, all persons who purchased or otherwise acquired any common stock, warrants or units (consisting of one common share and one warrant) of Flight Safety during the period from January 14, 2003 through and including July 16, 2004, including but not limited to stock and warrants purchased as a unit at $6.00 per unit (all units are hereafter the "Units") in Flight Safety's February 2, 2004 public offering (the "Public Offering"), and were damaged thereby.  Excluded from the Class are Defendants, and the members of their immediate families and Defendants' legal representatives, heirs, predecessors, successors and assigns and any entity in which any Defendant has or had a controlling interest, and any persons who have separately filed actions against one or more of the Defendants based in whole or in part on any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Fully Consolidated Action or otherwise alleged, asserted or contended in the Fully Consolidated Action.  Also excluded from the Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") concerning this Stipulation.

7.      "Class Distribution Order" means the order entered by the Court, upon application of Lead Plaintiffs' Counsel following the occurrence of the events identified in

paragraph D.13 below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Class.

8.      "Class Period" means the period from January 14, 2003 through July 16, 2004, inclusive.

9.      "Court" means the United States District Court for the District of Connecticut.

10.     "Defendants" means Flight Safety Technologies, Inc. ("Flight Safety"), Samuel A. Kovnat ("Kovnat"), William B. Cotton ("Cotton"), Pali Capital Group, Inc. ("Pali"), and The Shemano Group, Inc. ("Shemano").

11.     The law firms of Nixon Peabody LLP, and Tobin, Carberry, O'Malley, Riley & Selinger LLP, counsel for Defendants Flight Safety, Kovnat, Cotton, Pali, and Shemano shall be referred to collectively as "Defendants' Counsel."

12.     "Defendants' Insurer" means certain Defendants' directors and officers liability insurer XL Specialty Insurance Company.

13.     "Effective Date" means the date on which the conditions set forth below in Section K shall have been satisfied and the Court's Order and Final Judgment, substantially in the form of Exhibit B hereto, becomes "Final", which shall be deemed to be when either of the following has occurred: (a) if an appeal or review is not sought by any person from the Order and Final Judgment, the day following the expiration of the time to appeal or petition from the Order and Final Judgment; or (b) if an appeal or review is sought from the Order and Final Judgment, the day after such Order and Final Judgment is affirmed or the appeal or review is dismissed or denied and such Order and Final Judgment is no longer subject to further judicial review.

14.     "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

15.     "Joint Escrow Account" means the interest-bearing account to be established and maintained at Commerce Bancorp, Pennsylvania, or any successor institution selected by the Escrow Agents.  The Joint Escrow Account will be managed by one representative of Defendants and  representatives of the Class as escrow agents for the benefit of Lead Plaintiffs and the Class until the Effective Date of the Settlement.

16.     "Joint Escrow Agents" means Laurence Rosen, Esquire, and Timothy W. Mungovan (until the Effective Date), or their duly appointed agent(s).  The Escrow Agents shall perform the duties as set forth in this Stipulation.

17.     "Lead Plaintiffs" mean Pathway Investments LLC and Sudi Ozkan, individually and as representatives of the members of the Class.

18.     "Lead Plaintiffs' Counsel" means The Rosen Law Firm P.A.

19.     "Liaison Counsel" means Stratton Faxon LLP.

20.     "Named Plaintiffs" means the Lead Plaintiffs and Mark Rogers, Eric Kuba and William Hall.

21.     "Net Settlement Fund" means the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administration Expenses; (iii) taxes; (iv) Awards to Lead Plaintiffs; and (v) other fees and expenses authorized by the Court.

22.     "Notice and Administration  Account" means the account to be established from the Gross Settlement Fund and maintained by Lead Plaintiffs' Counsel.  The Notice and Administration Account may be drawn upon by Lead Plaintiffs' Counsel for Notice and Administration expenses without further order of the Court.

23.     "Notice and Administration Expense" means all expenses incurred (whether or not paid) in connection with the preparation, printing, mailing, and publication of the Notice to the Class of the proposed settlement, and all expenses of Settlement administration; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses through the Effective Date.  All such Notice and Administration Expenses shall be paid from the Gross Settlement Fund.

24.     "Order and Final Judgment" means the order and judgment entered by the Court, including a Bar Order, approving the Settlement and dismissing the Litigation as against all defendants with prejudice and without costs to any party.

25.     "Parties" means the Named Plaintiffs and Defendants.

26.     "Person" means any individual, corporation, partnership, limited liability partnership, limited partnership, professional corporation, association, affiliate, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, any other type of legal or political entity, any legal representative, and as applicable their respective spouses, heirs, predecessors, successors, representatives, or assignees.

27.     "Released Parties" means the Defendants, Defendants' Insurer and any of their current, former or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, insurers, reinsurers, advisors, accountants, associates and/or any other individual or entity in which any Defendant or Defendants' Insurer have a controlling interest or which is related to or affiliated with any of the Defendants or Defendants' Insurer and the current, former and future legal representatives, heirs, successors in interest or assigns of the Defendants and Defendants' Insurer.

28.    "Settled Claims" means any and all claims, debts, demands, liabilities, rights and causes of action of every nature and description whatsoever (including but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in the Fully Consolidated Action by the Named Plaintiffs and/or Class Members or any of them against any of the Released Parties, including without limitation any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Fully Consolidated Action or otherwise alleged, asserted or contended in the Fully Consolidated Action; or (ii) that could have been alleged, asserted or contended in any forum by the Named Plaintiffs or Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Fully Consolidated Action or which relate to the purchase of Flight Safety stock, warrants or Units during the Class Period, including, without limitation, claims for fraud, negligent misrepresentation, negligence, gross negligence, breach of duty of care, breach of duty of loyalty, fraud, negligent misrepresentation, breach of fiduciary duty, or violations of any state or federal statutes or regulations, or based upon or related in any way to the purchase, acquisition, sale or holding of Flight Safety stock, warrants or Units, by the Named Plaintiffs or any Class Member, on behalf of themselves, their heirs, executors, administrators, successors, and assigns against Defendants or the Released Parties or any of them.  Settled Claims also

include any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Fully Consolidated Action against the Released Parties (including Unknown Claims), except claims to enforce any of the terms of this Stipulation.

29.     "Settled Defendants' Claims" means all claims, demands, rights, duties, remedies, liabilities and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and Unknown Claims, that have been or could have been asserted in the Fully Consolidated Action by Defendants or any of them or the successors and assigns of any of them against any of the Named Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or Settlement of this Fully Consolidated Action or the Settled Claims, including but not limited to all claims for malicious prosecution or sanctions, except claims to enforce any of the terms of this Stipulation.

30.     "Settlement" means the settlement contemplated by this Stipulation.

31.     "Settlement Amount" means a fund in the amount of one million two hundred thousand dollars ($1,200,000).

32.     "Settlement Hearing" means the final hearing to be held by the Court to determine  (1) whether the proposed Settlement should be approved as fair, reasonable and adequate; (2) whether all Settled Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered thereon; (4) whether the allocation of the Settlement Fund should be approved; (5) whether the application for an award of Attorneys' Fees and Expenses and an Award to Lead Plaintiffs should be approved.

33.     "Unknown Claims" means any Settled Claim which any Lead Plaintiff or member of the Class does not know or suspect to exist in his, her or its favor at the time of the

release of the Released Parties, which if known by him, her or it, might have affected his, her or its decision with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, and any Settled Defendants' Claims which any Defendant does not know or expect to exist in his, her or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Named Plaintiffs and Defendants shall expressly, and each of the members of the Class shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542 which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  LEAD PLAINTIFFS AND DEFENDANTS ACKNOWLEDGE, AND THE MEMBERS OF THE CLASS BY OPERATION OF THE ORDER AND FINAL JUDGMENT SHALL BE DEEMED TO HAVE ACKNOWLEDGED, THAT THE INCLUSION OF "UNKNOWN CLAIMS" IN THE DEFINITIONS OF "SETTLED CLAIMS" AND "SETTLED DEFENDANTS' CLAIMS" WAS SEPARATELY BARGAINED FOR AND WAS A KEY ELEMENT OF THE SETTLEMENT OF WHICH THIS RELEASE IS A PART.

B.  SCOPE AND EFFECT OF SETTLEMENT

1.  The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Fully Consolidated Action and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims as against the Named Plaintiffs, the Class Members, or their attorneys.

2.      Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, the Named Plaintiffs and each of the Class Members on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, insurers and assigns, and any person they represent, shall, with respect to each and every Settled Claim, release and forever relinquish and discharge, and shall forever be enjoined from prosecuting, all Settled Claims and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Fully Consolidated Action against the Released Parties (including Unknown Claims) whether or not such Class Member executes and delivers the Proof of Claim and Release, except claims to enforce any of the terms of this Stipulation.  Further, the Named Plaintiffs and all Class Members on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, insurers and assigns, expressly covenant not to assert any claim or action against any of the Defendants derivatively on behalf of Flight Safety that (i) arises out of or relates to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Fully Consolidated Action or otherwise alleged, asserted or contended in the Fully Consolidated Action or (ii) that could have been alleged, asserted or contended in any forum by the Class Members or any of them against any of the Released Parties which arise out of, relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Fully Consolidated Action, and shall forever be enjoined from commencing, instituting or prosecuting any such claim.

3.      The Proof of Claim and Release to be executed by the Class Members shall be substantially in the form and content contained in Exhibit A-3 to the Preliminary Approval Order attached hereto as Exhibit A.

4.     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims as against any of the Named Plaintiffs, Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

C.     THE SETTLEMENT CONSIDERATION

1.     Subject to the terms of this Stipulation, within fifteen (15) business days of the entry of the Preliminary Approval Order, Pali shall pay or cause to be paid $65,000.00 into the Joint Escrow Account (the "Pali Payment") and Flight Safety shall pay or cause to be paid $1,135,000.00 into the Joint Escrow Account (the "Flight Safety Payment") (together, the Pali Payment and the Flight Safety Payment shall be referred to as the "Settlement Amount").  In no event shall Flight Safety have any liability, obligation, or responsibility for the Pali Payment.  In no event shall Pali have any liability, obligation, or responsibility for the Flight Safety Payment.

2.     The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof and any Tax Expenses (as defined below), shall be used to pay the Notice and Administration Expenses as authorized by this Stipulation, and (i) Attorneys' Fees and Expenses, (ii) Awards to Lead Plaintiffs, and (iii) other fees and expenses authorized by the Court.  The balance of the Gross Settlement Fund after the above payments shall be the Net Settlement Fund which shall be distributed to the Authorized Claimants.

3.     Any sums required to be held in escrow hereunder shall be held by one representative of Defendants and representatives of the Settlement Class as Joint Escrow Agents for the benefit of the Named Plaintiffs and the Class until the Effective Date of the Settlement. All funds held by the Escrow Agents shall be deemed to be in <u>custodia legis</u> and shall remain

subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court. The Escrow Agents shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court. Immediately following the Court's execution of the Order and Final Judgment, the representative of Defendants shall cease being a Joint Escrow Agent and shall relinquish control over the Gross Settlement Fund to the extent of the amount awarded by the Court for attorneys' fees and reimbursement of expenses and an Award to Lead Plaintiffs, with the understanding that such amounts shall be paid in accordance with the terms of paragraph D.13 hereof. Immediately following the Effective Date, the representative of Defendants shall relinquish all control over the remaining monies of the Gross Settlement Fund and the representatives of the Class shall retain sole control over the Gross Settlement Fund in order to distribute the Net Settlement Fund to Lead Plaintiffs and the Class.

4.      The Escrow Agents shall invest any funds in excess of $150,000 in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $150,000 may be held in a bank account insured to the extent possible by the FDIC. Interest earned on the money deposited into the Escrow Account will be part of the Gross Settlement Fund.

5.      The Notice and Administration Expenses shall be paid from the Gross Settlement Fund. In order to pay Notice and Administration Expenses, $75,000 shall be withdrawn from the Gross Settlement Fund and deposited into a Notice and Administration Account upon the entry of the Preliminary Approval Order. The Notice and Administration Account may be drawn upon by Plaintiffs' Lead Counsel for Notice and Administration

Expenses without further Court approval.  The Notice and Administration Account shall be administered solely by representatives of the Settlement Class as Escrow Agents.  Any taxes or other expenses incurred in connection with the Notice and Administration Account shall be paid from the Notice and Administration Account or from the remainder of the Gross Settlement Fund.  Neither Defendants nor Defendants' Insurer will have any obligation for payment of taxes or other expenses associated with the Notice and Administration Account.  Notice and Administration Expenses in excess of $75,000 shall not be paid out of the Gross Settlement Fund until after the Effective Date.  In no event shall Defendants or Defendants' Insurer be responsible to pay more than the Settlement Amount.

6.      Lead Plaintiffs' Counsel and Defendants' Counsel shall have access to all records of the Joint Escrow Account, and upon request to the Escrow Agents, shall receive copies of all records of disbursements, deposits and statements of accounts.

7.      After the Effective Date, Defendants and Defendants' Insurer shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund.  Neither Defendants nor Defendants' Insurer shall be liable for the loss of any portion of the Settlement Fund nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees or any other expenses payable from the Gross Settlement Fund.

D.      ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL
        AWARDS AND DISTRIBUTION OF NET SETTLEMENT FUND

1.      The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Lead Plaintiffs' Counsel, and subject to appeal to, and jurisdiction of, the Court.  Neither Defendants nor Defendants' Insurer shall be have any liability, obligation, or responsibility for

the administration of the Gross Settlement Fund or Net Settlement Fund or the distribution of the Net Settlement Fund.

2.    Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.    To the extent not paid from the Notice and Administration Account, to pay without prior order of the Court, the expenses incurred in connection with providing notice to Class Members, administering and distributing the Net Settlement Fund to Class Members, processing Proofs of Claim, processing requests for exclusion, escrow fees and costs, and any applicable taxes;

b.    In addition to the Attorneys' Fees and Expenses paid pursuant to Section H.2 herein, to pay any additional Attorneys' Fees and Expenses as may be awarded to Lead Plaintiffs' Counsel by the Court pursuant to Section H.1 herein; and

c.    Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in Section F below.

3.    Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release (in substantially the form set forth in Exhibit A-3 hereto, which inter alia releases all Settled Claims against all Released Parties), signed under penalty of perjury by the beneficial owner(s) of the securities which are the subject of the Proof of Claim and Release or by someone with documented authority to sign for the beneficial owners and supported by such documents as specified in the instructions accompanying the Proof of Claim and Release.

4.    All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Class

Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Fully Consolidated Action.  Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

5.      Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, under the supervision of Lead Plaintiffs' Counsel, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.  Prior to disbursement of the Net Settlement Fund, Defendants will receive a list of Proofs of Claim received by the Claims Administrator indicating which Proofs of Claim have been allowed by the Claims Administrator.

6.      Lead Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed in the interest of achieving substantial justice.

7.      Proofs of Claim that do not meet the filing requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy curable deficiencies in the Proof of Claim submitted.  The Claims

Administrator, under the supervision of Lead Plaintiffs' Counsel, shall notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of subparagraph (8) below.

8.      If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required by subparagraph (7) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Plaintiffs' Counsel shall thereafter present the request for review to the Court.

9.      The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

10.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Fully Consolidated Action or Settlement in connection with processing of the Proofs of Claim.

11.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court

shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Final Judgment to be entered in the Fully Consolidated Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

12.     All proceedings with respect to the administration, processing and determination of claims described by this paragraph of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

13.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Lead Plaintiffs' Counsel for a Class Distribution Order only after the Effective Date and after: (i) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all matters with respect to Attorneys' Fees and Expenses, costs and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

14.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment

of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Defendants' Insurer and approved by the Court.

       E.     <u>TAX TREATMENT</u>

       1.     The Parties agree to treat the Gross Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created.  In addition, the Escrow Agents and, as required, the Defendants, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Plaintiffs' Counsel to timely and properly prepare, and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

       2.     For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be Lead Plaintiffs' Counsel.  Lead Plaintiffs' Counsel shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k). Such returns (as well as the election described in paragraph E.1. hereof) shall be consistent with

this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.3. hereof.

3.      All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Gross Settlement Fund; in all events the Released Parties shall have no liability for Taxes or the Tax Expenses and Lead Plaintiffs and Lead Plaintiffs' counsel agree to indemnify and hold the Released Parties harmless for Taxes and Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agents out of the Gross Settlement Fund without prior order from the Court. The Escrow Agents shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to members of the Class any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1468B-2(l)(2)); the Released Parties are not responsible and shall have no liability therefor.  The Parties hereto agree to cooperate with the Escrow Agents, each

other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

      F.     <u>ALLOCATION OF NET SETTLEMENT FUND</u>

      1.     The Net Settlement Fund shall be allocated among the Authorized Claimants in accordance with the "Plan of Allocation" set forth in Schedule A.  The amount so allocated to each Authorized Claimant constitutes and is referred to herein as the Authorized Claimant's "Payable Claim."  The Plan of Allocation is based upon Lead Plaintiffs' Counsel's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the members of the Class.

      2.     Nothing in this Plan of Allocation shall constitute or be deemed an admission by any of the Defendants that there is liability or damage of any kind or that the dollar amounts set forth in this Plan of Allocation reflect actual or potential damages to the Class.  Neither Defendants nor Defendants' Counsel were involved in the development of the Plan of Allocation and they take no position with respect to the Plan of Allocation.

      3.     Payment in the manner set forth above shall be deemed conclusive compliance with this Stipulation against all Authorized Claimants.  All Class Members who fail to submit valid and timely Proofs of Claim shall be barred from participating in the distribution of the Net Settlement Fund but otherwise shall be bound by all of the terms of this Stipulation, including the terms of any Order and Final Judgment entered and the releases given.

      4.     The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation or payment of claims to members of the Class.

      5.     The Defendants and Defendants' Insurer shall have no involvement in the solicitation of, or review of Proofs of Claim, or involvement in the administration process itself,

which will be conducted by the Claims Administrator in accordance with this Stipulation and the Order and Final Judgment to be entered by the Court.

6.     No Authorized Claimant shall have any claim against Lead Plaintiffs' Counsel, Defendants, Defendants' Counsel, Defendants' Insurer or the Claims Administrator based on, or in any way relating to the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

7.     Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

G.     OBLIGATIONS OF AND LIMITATIONS OF LIABILITY
       OF JOINT ESCROW AGENTS

The Joint Escrow Agents shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons except to the extent of maintaining account of and appropriately paying sums as required by this Stipulation, but only to the limited extent that such sums have been delivered into the Escrow Account or Notice and Administration Account as required by this Stipulation.  The Joint Escrow Agents shall be liable only for acts of gross negligence or willful misconduct.  The assumption of duties as Joint Escrow Agents shall not preclude Lead Plaintiffs' Counsel from continuing to represent, as the case may be, Lead Plaintiffs or Class Members.

H.     LEAD PLAINTIFFS' COUNSELS' REQUEST FOR AN AWARD
       OF ATTORNEYS' FEES AND EXPENSES

1.     Lead Plaintiffs' Counsel intend to submit an application to the Court, on notice to Defendants' Counsel, for the payment of Attorneys' Fees and Expenses, including (i) an award of attorneys' fees up to one-third of the Settlement Amount; and (ii) reimbursement of litigation costs and expenses, plus interest, including fees and expenses of experts, incurred in connection with the prosecution of the Fully Consolidated Action and Awards to Lead Plaintiffs.

All such amounts shall be paid from the Gross Settlement Fund.  Lead Plaintiffs' Counsel reserve the right to make additional application or applications for payment from the Gross Settlement Fund for fees and expenses incurred after the Settlement Hearing.  Defendants take no position, and will not oppose any application concerning Lead Plaintiffs' Counsel's request or award of attorneys' fees and reimbursement of expenses, or Awards to Lead Plaintiffs (reimbursement of time and expenses to the Lead Plaintiffs).  In no event shall Defendants or Defendants' Insurer be responsible to pay more than the Settlement Amount.

2.     Such Attorneys' Fees and Expenses and Awards to Lead Plaintiffs as are awarded by the Court shall be paid from the Gross Settlement Fund to Lead Plaintiffs' Counsel upon the Effective Date.

3.     Lead Plaintiffs' Counsel shall allocate the Attorneys' Fees and Expenses award among all Plaintiffs' counsel in a fashion which, in the opinion and sole discretion of Lead Plaintiffs' Counsel, fairly compensates Plaintiffs' counsel for their respective contributions to the prosecution of the Fully Consolidated Action.  Neither Defendants nor Defendants' Insurer shall have any responsibility or liability whatsoever with respect to such allocation of Attorneys' Fees and Expenses among Plaintiffs' counsel.

4.     It is agreed that the procedure for, and the allowance or disallowance by the Court, of any applications by Lead Plaintiffs' Counsel for Attorneys' Fees and Expenses, including fees for experts and consultants to be paid out of the Gross Settlement Fund, and any order or proceeding relating thereto, shall not operate to terminate or cancel this Stipulation or affect its finality, and shall have no effect on the terms of this Stipulation or on the enforceability of this Settlement.

I.       THE PRELIMINARY APPROVAL ORDER

On or about December 20, 2007, Lead Plaintiffs and Defendants shall move the Court for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, providing for, among other things, preliminary approval of the Settlement and notice to the Class of the Settlement Hearing.  The Preliminary Approval Order (Exhibit A hereto) to be submitted to the Court shall contain exhibits substantially in the form set forth in (i) the Notice of Pendency and Settlement of Class Action (the "Notice") (Exhibit A-1 to the Order of Preliminary Approval of Settlement);  (ii) the Summary Notice of Pendency and Settlement of Class Action ("Summary Notice") (Exhibit A-2 to the Preliminary Approval Order); and (iii) the Proof of Claim and Release (Exhibit A-3 to the Preliminary Approval Order).  Defendants and Defendants' Insurer are not liable or responsible for the method of, or representations made in, the Notice or Summary Notice.

J.       ORDER AND FINAL JUDGMENT TO BE ENTERED BY THE
         COURT APPROVING THE SETTLEMENT

The Parties shall seek to have the Court enter an Order and Final Judgment substantially in the form of Exhibit B hereto.

K.       CONDITIONS OF SETTLEMENT

1.       The Effective Date of the Settlement shall be conditioned upon the occurrence of all of the following events:

a.       The Court shall enter the Preliminary Approval Order in all material respects, as required by paragraph I. above;

b.       The Defendants have not exercised their right to terminate the Settlement pursuant to paragraph K.3 below;

c.      The Court shall enter the Order and Final Judgment in all material

respects, as required by paragraph J. above;

d.      An Effective Date as defined in paragraph A.13. hereof shall have

occurred; and

e.      Defendants or Defendants' Insurer shall have paid the Settlement

Amount, as set forth in paragraph C. above.

2.      Upon occurrence of all of the events referenced in paragraph K.1. above,

each of the Lead Plaintiffs shall have and each and all of the members of the Class, shall hereby

be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally,

and forever, released, settled and discharged, in accordance with the terms of paragraph B.

above, the Released Parties from and with respect to the Settled Claims, whether or not such

members of the Class execute and deliver a Proof of Claim.

3.      If prior to the Settlement Hearing, Persons who otherwise would be Class

Members have filed with the Court valid and timely requests for exclusion ("Requests for

Exclusion") from the Class in accordance with the provisions of the Preliminary Approval Order

and the notice given pursuant thereto, and such Persons in the aggregate purchased stock,

warrants or Units during the Class Period in an amount greater than the amounts specified in a

separate Supplemental Agreement between the parties (the "Supplemental Agreement"),

Defendants in their sole and absolute discretion, shall have the option to terminate this

Stipulation and Settlement in accordance with the procedures set forth in the Supplemental

Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a

dispute among the parties concerning its interpretation or application arises.  Copies of all

Requests for Exclusion received, together with copies of all written revocations of Requests for

Exclusion, shall be delivered to counsel for Defendants no later than fourteen (14) days prior to the Settlement Hearing. The required procedure for and consequences of making such an election are as follows:

      a.      Such option to withdraw shall be exercised by serving written notice, signed by Defendants' Counsel upon Lead Plaintiffs' Counsel, but not less than five (5) business days before the Settlement Hearing;

      b.      If Defendants exercise their option to terminate the Settlement as provided herein, this Stipulation will be null and void, and the provisions of paragraph L. hereof will apply.

      4.      Upon the occurrence of all of the events referenced in paragraph K.1. above, the obligation of the Escrow Agents to return funds from the Gross Settlement Fund to Defendants and/or Defendants' Insurer pursuant to paragraph L.2. hereof shall be absolutely and forever extinguished.

      5.      If all of the conditions specified in paragraph K.1 are not met, then the Stipulation and Settlement shall be canceled and terminated subject to paragraph L below.

    L.      <u>EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION</u>

      1.      Defendants' Counsel and Lead Plaintiffs' Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of:

      a.      the Court's declining to enter the Preliminary Approval Order in any material respect;

      b.      the Court's refusal to approve this Stipulation or any material part of it; provided however that the allowance or disallowance by the Court of any applications by

Lead Plaintiffs' Counsel for Attorneys' Fees and Expenses, including fees for experts and consultants to be paid out of the Gross Settlement Fund, shall not be material;

        c.     the Court's declining to enter the Order and Final Judgment in all material respects as required by paragraph J. above;

        d.     the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or

        e.     in the event that the Court enters an order and final judgment in a form other than that provided above (an "Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Neither a modification by the Court, nor a reversal on appeal, of any award of fees, costs and expenses, in whole or in part, to any of Lead Plaintiffs' counsel, shall be deemed a material modification of the Order and Final Judgment or this Stipulation.

        2.     If either:  (a) the Effective Date does not occur, or (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) the Settlement does not become Final for any reason, then the Gross Settlement Fund, less amounts reasonably expended for notice to the Class, shall be refunded to Defendants' Counsel by the Escrow Agents within ten (10) business days of such cancellation or termination (the "Returned Settlement Amount").  Within two (2) business days of receiving the Returned Settlement Amount, the Defendants' Counsel shall return to any entity that contributed to the Settlement Payment that percentage of the Returned Settlement Amount that equals the percentage of the total Settlement Payment paid by the contributing entity, together with any interest earned thereon.

3.    If the Effective Date does not occur, or if this Stipulation is disapproved, canceled or terminated pursuant to its terms, and at the request of counsel for Defendants' Insurer, the Joint Escrow Agents or their designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds, after deduction of any fees and expenses incurred in connection with such application(s) for refund payable to Defendants' Insurer.

4.    If the Effective Date does not occur, or if this Stipulation is disapproved, canceled or terminated pursuant to its terms, all of the Parties to this Stipulation shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Fully Consolidated Action, and shall revert to their respective positions in the Fully Consolidated Action.

5.    No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses awarded by the Court shall constitute grounds for cancellation or termination of the Stipulation.

M.    <u>MISCELLANEOUS PROVISIONS</u>

1.    The Parties hereto:  (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

3.      This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties to this Stipulation or their successors-in-interest.

4.      This Stipulation and the exhibits attached hereto constitute the entire agreement among the Parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

5.      Except as otherwise provided herein, each party shall bear its own costs. Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Gross Settlement Fund and neither the Defendants nor Defendants' Insurer shall have any obligation with respect to the payment of said Attorneys' Fees and Expenses.

6.      Lead Plaintiffs' Counsel, on behalf of the Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class.

7.      Counsel for the Parties represent that they are authorized to sign this Stipulation on behalf of their respective clients.

8.      This Stipulation may be executed in one or more original, photocopied or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.

9.      This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto.  No assignment shall relieve any party hereto of obligations hereunder.

10.      All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of Connecticut without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

11.      Defendants and Lead Plaintiffs on behalf of themselves and each member of the Class hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation.  The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Lead Plaintiffs' Counsel, Awards to Lead Plaintiffs and enforcing the terms of this Stipulation.

12.      None of the Parties hereto shall be considered to be the drafter of this Stipulation or any provision hereof for purposes of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.  Because of the arms-length negotiations which preceded the execution of this Stipulation, all Parties hereto have contributed substantially and materially to the preparation of this Stipulation.

13.      Neither this Stipulation, nor the fact of the Settlement is an admission or concession by any Defendant of any liability or wrongdoing whatsoever.  This Stipulation is not a finding of the validity or invalidity of any claims in the Fully Consolidated Action or of any

wrongdoing by any of the Defendants named therein. Neither this Stipulation, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related documents, shall be used or construed as an admission of any fault, liability or wrongdoing by any person. Neither this Stipulation, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference against any party in any proceeding other than such proceedings as may be necessary to consummate or enforce this Stipulation.

14.      The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims. Accordingly, unless the Settlement does not become Final, Lead Plaintiffs and the Defendants agree not to assert in any forum that the litigation was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Fully Consolidated Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

15.      The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

16.      The waiver of one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other breach of this Stipulation. The provisions of this

Stipulation may not be waived except by a writing signed by the affected party, or counsel for that party.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

THE PLAINTIFFS

By: _____
Laurence Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
350 Fifth Avenue, Suite 5508
New York, NY 10118
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

Lead Counsel for Plaintiffs

And


Joel T. Faxon, Esq.
Federal Bar No. CT16255
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Phone: (203) 624-9500
Fax: (203) 624-9100
Email: jfaxon@strattonfaxon.com

Liaison Counsel for Plaintiffs

FLIGHT SAFETY TECHNOLOGIES, INC.,
SAMUEL A. KOVNAT, AND WILLIAM B.
COTTON, THE SHEMANO GROUP AND
PALI CAPITAL GROUP, INC.

Defendants,
By their attorneys,


By: _____
Deborah L. Thaxter
Timothy W. Mungovan
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110


Thomas J. Riley, Esq.
Federal Bar No. CT05686
Tobin, Carberry, O'Malley,
Riley & Selinger, P.C.
43 Broad Street, P.O. Box 58
New London, CT 06320
Telephone: (860) 447-0335
Facsimile: (860) 447-9143
Email: tjriley@tcors.com

## SCHEDULE A

## THE PLAN OF ALLOCATION

1.  The Net Settlement Fund will be allocated among the Authorized Claimants in accordance with this "Plan of Allocation."

2.  For Class members who conducted multiple transactions in Flight Safety securities during the Class Period, the earliest subsequent sale shall be matched first against those shares in the Claimant's opening position on the first day of the Class Period for each type of security, and then matched chronologically thereafter against each purchase made during the Class Period.

3.  Transactions during the Class Period resulting in a gain shall be netted against the Class Members transactions resulting in a loss to arrive at the Recognized Loss.

4.  Any Class members whose collective transactions in Flight Safety securities during the Class Period resulted in a net gain shall not be entitled to share in the Net Settlement Fund.

5.  The purchase and sales prices exclude any brokerage commissions, transfer taxes or other fees.

6.  The covering purchase of a short sale is not an eligible purchase.  Gifts and transfers are not eligible purchases.

7.  Shares of stock sold at a loss before August 6, 2003 are not entitled to any payment from the Net Settlement Fund for any such shares.  However, said members are entitled to a payment for any shares held until August 6, 2003 or later.

8.  The Recognized Loss of each Authorized Claimant shall be calculated as follows:

A.  For Shares (excluding those purchased as Units) purchased during the period January 14, 2003 through and including July 16, 2004, recognized per share loss is eighty percent (80%) of the following amounts:

   a.  For each Share held through the close of trading on July 16, 2004, the price paid (excluding commissions) less $1.38 (the closing price on the last day of the Class Period).

   b.  For each Share sold prior to July 17, 2004, the price paid (excluding commissions) less the price received when sold (excluding commissions).

B.  For Warrants (excluding those purchased as Units) purchased during the period February 2, 2004 through and including July 16, 2004, recognized per Warrant loss is:

   a.  For each Warrant held through the close of trading on July 16, 2004, the price paid (excluding commissions) less $0.31 (the closing price on the last day of the Class Period).

   b.  For each Warrant sold prior to July 17, 2004, the price paid (excluding commissions) less the price received when sold (excluding commissions).

C.  For Units purchased in the February 2, 2004 secondary public offering, recognized loss per Unit is $6.00 less:

a.    For any Share held through the close of trading on July 16, 2004, $0.1.38 (the closing price on the last day of the Class Period).

b.    For any Share sold prior to July 17, 2004, the price received when sold (excluding commissions).

c.    For any Warrant held through the close of trading on July 16, 2004, $0.31 (the closing price on the last day of the Class Period).

b.    For any Warrant sold prior to July 17, 2004, the price received when sold (excluding commissions).

8.    To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Aggregate Recognized Loss described above.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.